UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOR-CAL MOVING SERVICES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PAYLOCITY CORP.,<br><br>　　　　Defendant. | Case No. 25-cv-02085-RFL<br><br>**ORDER DENYING MOTION TO STRIKE**<br><br>Re: Dkt. No. 35 |

　　　　The motion to strike is **DENIED**. Paylocity concedes that the allegations in question "could be used to support" the breach of contract claim that the prior dismissal order did not address. (*See* Dkt. No. 39 at ECF Page 4.) As such, the allegations are neither immaterial nor impertinent. *See also Sylabs, Inc. v. Rose*, No. 23-cv-00849-SVK, 2024 WL 4312719, at *5 (N.D. Cal. Sept. 26, 2024) ("[I]n most cases, a motion to strike should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." (citation omitted)). And while the allegations may suggest that Paylocity engaged in fraudulent conduct, that alone does not satisfy the high bar for qualifying as scandalous, especially where the conduct is relevant to Nor-Cal's claims. *See Doe 1 v. Univ. of S.F.*, 685 F. Supp. 3d 882, 894-95 (N.D. Cal. 2023) ("Scandalous under Rule 12(f) generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. Scandalous has also been said to encompass allegations that improperly cast a derogatory light on someone." (citations and quotation marks omitted)). The allegations also do not exceed the scope of amendment permitted by the prior dismissal order.

　　　　IT IS SO ORDERED.

Dated: October 15, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　RITA F. LIN
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge